UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dontay Lavarice Reese,

          Plaintiff,

v.                                   Case No.: 19-cv-1975-ECT-KMM

Sherburne County Detention Center et al.,

          Defendants.

**JOINT AND SEPARATE AMENDED
ANSWER OF THE MEND DEFENDANTS TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants MEnD Correctional Care, PLLC (captioned "MenD, Inc."), Janell Hussain, and Barb Wisniewski (collectively, "the MEnD Defendants") for their amended answer to Plaintiff's second amended complaint (ECF no. 45) state and allege:

## INTRODUCTION

1. Paragraph 1 appears to be a legal conclusion to which no response is required. To the extent a response is required, the MEnD Defendants deny Plaintiff has a claim under federal or Minnesota law.

2. Paragraph 2 appears to be a legal conclusion about the nature of Plaintiff's complaint to which no response is required. To the extent a response is required, Paragraph 2 is denied.

## JURISDICTION

3. Paragraph 3 is a heading to which no response is required.

4. Admit Paragraph 4.

## VENUE

5. Admit Paragraph 5.

## PARTIES

6. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6.

7. Admit Paragraph 7.

8. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8.

9. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9.

10. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10.

11. Deny the allegations in Paragraph 11.

12. Deny the allegations in Paragraph 12.

13. Deny the allegations in Paragraph 13.

## THIRD PARTIES

14. Paragraph 14 is not an allegation and therefore no response is required.

## FACTS

15. With regards to Paragraph 15, admit Plaintiff is incarcerated at the Sherburne County Jail. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the other allegations in Paragraph 15.

16. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16.

17. Deny the allegations in Paragraph 17.

18. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18.

19. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19.

20. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20.

21. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21.

22. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22.

23. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23. To the extent this Paragraph contains allegations of wrongdoing by these Defendants, they are denied.

24. Deny the allegations in Paragraph 24.

25. Deny the allegations in Paragraph 25.

26. Deny the allegations in Paragraph 26.

27. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27.

28. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28. To the extent this Paragraph contains allegations of wrongdoing by these Defendants, they are denied.

29. Deny the allegations in Paragraph 29.

30. Paragraph 30 appears to have been struck by Plaintiff. To the extent Plaintiff intends Paragraph 30 to remain an allegation, it is denied.

31. Paragraph 31 appears to have been struck by Plaintiff. To the extent Plaintiff intends Paragraph 31 to remain an allegation, it is denied.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34.

35. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 35.

36. Paragraph 36 is not an allegation and therefore no response is required.

37. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37.

38. Paragraph 38 is not an allegation and therefore no response is required.

39. Paragraph 39 is not an allegation and therefore no response is required.

## CLAIMS

40. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40.

41. The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41.

42. It is unclear against which Defendants Paragraph 42 is alleged. To the extent Paragraph 42 is alleged against the MEnD Defendants, it is denied.

43. Deny the allegations in Paragraph 43.

44. It is unclear against which Defendants Paragraph 44 is alleged. To the extent Paragraph 44 is alleged against the MEnD Defendants, it is denied.

Deny Plaintiff is entitled to the relief sought in "Prayer for Relief."

## AFFIRMATIVE DEFENSES

1. Plaintiff's Second Amended Complaint fails to state a claim against the MEnD Defendants upon which relief can be granted.

2. Plaintiff does not suffer from a serious medical condition.

3. The MEnD Defendants acted in good faith in their care and treatment of Plaintiff and did not act with objective unreasonableness or deliberate indifference.

4. Plaintiff's damages, if any, are the result of a pre-existing or subsequent medical condition for which the MEnD Defendants are not responsible.

5. Plaintiff's damages, if any, are the result of Plaintiff refusal to follow medical advice or as a result of Plaintiff's disagreement over treatment.

6. Plaintiff's claims may be barred by statute or the Prison Litigation Reform Act.

7. Plaintiff's claims may be barred for failure to exhaust administrative remedies.

Dated: June 16, 2020 By  /s/ *Anthony J. Novak*

Anthony J. Novak  (0351106)
Bradley R. Prowant (0396079)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone:  (651) 312-6500
Facsimile:  (651) 312-6618
tnovak@larsonking.com
bprowant@larsonking.com

*Attorneys for Defendants MEnD Correctional Care, PLLC, Janell Hussain, and Barb Wisniewski*