## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dontay Lavarice Reese,

          Plaintiff,

v.

Sherburne County Detention Center, et al.,

          Defendants.

Case No. 0:19-cv-1975-ECT-KMM

**ORDER**

    This matter is before the Court on three[1] discovery-related motions filed by Plaintiff Dontay Reese. Mr. Reese seeks an order compelling interrogatory answers (ECF Nos. 87, 90), and an extension of the discovery deadline to allow for further discovery following the motion to compel (ECF No. 94). For the following reasons, the Court denies Mr. Reese's motion to compel discovery and denies his motion for an extension as moot.

**Background**

    In July 2019, Mr. Reese filed a complaint pursuant to 42 U.S.C. § 1983 against several defendants, alleging injury stemming from negligence and violations of his constitutional rights while incarcerated at Sherburne County Detention Center. [Compl., ECF No. 1; *see*

---

[1] The first of these motions was filed on January 25, 2021, and was titled "Motion to Compel Supplemental Answers to Interrogatories." [ECF No. 87]. On February 2, the Court received by mail a motion by the same name. [ECF No. 90]. These motions contain identical text on the first two pages, though the final page is absent from the latter. Therefore, the Court will treat these as a single motion and will refer to the earlier and more complete version at docket number 87.

*also* Second Am. Compl., ECF No. 52]. The defendants Mr. Reese names in his complaint have acted thus far as two groups: The MEnD Defendants (MEnD Correctional Care, PLLC; Janell Hussain; and Barb Wisniewski), and the Sherburne County Defendants (Sherburne County Detention Center, Sheriff Joel Brott, Commander Patt Carr, Jail Administrator Brian Frank, and Mark Fritel). Mr. Reese is currently incarcerated and representing himself in this matter, and he has filed many discovery-related documents and correspondences on the docket. [*E.g.*, ECF Nos. 61, 66, 72, 74, 78, 84–86, 89].

Some of the discovery documents filed in this matter appear to overlap and contradict each other. Nevertheless, while there are a number of ambiguous "requests," disputes, and grievances on the docket, Mr. Reese's motion to compel raises a definable issue. Therefore, the Court will limit its analysis to only the issues Mr. Reese raises in his motion and will not infer the existence of other disputes from the additional filings.

**Analysis**

Mr. Reese asserts that the MEnD Defendants' answers to all but the first of his 24 interrogatories in his Second Set of Interrogatories were "incomplete, evasive, and contained objections that were not apropos to the interrogatory requests." The MEnD Defendants contend that the interrogatories are vague, ambiguous, broad, disproportionate to the needs of the case, knowable by only Mr. Reese, and/or that Mr. Reese has equal or easier access to the information he seeks.

Courts generally have wide discretion in granting or denying discovery requests. *See Robinson v. Potter*, 453 F.3d 990, 994–95 (8th Cir. 2006); *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (a district court's decision on a motion to compel is reviewed for

2

"gross abuse of discretion affecting the fundamental fairness of the proceedings" (quotations omitted)). The default scope and limits of discovery are set out by Federal Rule of Civil Procedure (FRCP) 26(b)(1):

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Additionally,

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . .

Fed. R. Civ. P. 26(b)(2)(C).

The Court agrees with the MEnD Defendants that some of Mr. Reese's interrogatories are irrelevant or overly broad. Mr. Reese's claims include that he (1) was denied access to legal resources; (2) was retaliated against by further impediments to his access to legal resources; (3) was at risk of harm due to mental illness and Defendants were deliberately indifferent; (4) was denied his medication; and (5) was provided inadequate medical care. [Second Am. Compl. 7–8, ECF No. 52]. The dates during which Defendants attended school and the addresses of those schools, for example, are not relevant to any of these claims or potential defenses. [Interrog. No. 2, ECF No. 72]. The Court also agrees that some of Mr. Reese's interrogatories are too vague or broad, such that complete answers would be disproportionate to the needs of the case. For example, Interrogatory 7 asks the

3

MEnD Defendants whether they "consult[ed] with any other medical professional(s) at any time during the course of your treatment of the Plaintiff or your professional relationship with the Plaintiff." [ECF No. 72]. Likewise, Interrogatory 9 states, "Please set forth the date or dates upon which you obtained a medical history of the Plaintiff. Please identify every writing that relates to the Plaintiff's medical history examinations [and] test results . . . ." [ECF No. 72].

More fundamentally, while not all of Mr. Reese's interrogatories are so broad or vague as to be disproportionate to the needs of the case, most would require guesswork, and therefore more burden and expense, on the part of the MEnD Defendants to locate the information. This case is exclusively about the care and treatment Mr. Reese did or did not receive while incarcerated at Sherburne County Detention Center, and nearly all the interrogatories at issue concern his medical treatment during that time. As part of the discovery process earlier in this case, the MEnD Defendants provided Mr. Reese with a copy of his medical records during his incarceration. [ECF No. 61]. Therefore, not only do the interrogatories seek largely duplicative information, but also information that Mr. Reese can obtain more conveniently, and perhaps more accurately, from the records that the MEnD Defendants have already provided. In short, the parties now have identical access to nearly all the information Mr. Reese seeks with his interrogatories, and the relative burdens favor denying the motion to compel.

**ACCORDINGLY**, the Court hereby

1. **DENIES** Mr. Reese's Motions to Compel Supplemental Answers to Interrogatories (ECF Nos. 87, 90); and

4

2. **DENIES** as moot Mr. Reese's Motion for Extension of Time to Complete Discovery (ECF No. 94).

**IT IS SO ORDERED.**

Date: March 16, 2021

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge